494

In the Matter of ROBERT S. DISNEY, Petitioner, *v.* WILLIAM S. HULTS, as Commissioner of Motor Vehicles of the State of New York, Respondent.

Third Department, June 21, 1962.

*William L. Burke* for petitioner.

*Louis J. Lefkowitz, Attorney-General* (*Philip F. Fitzgerald* and *Paxton Blair* of counsel), for respondent.

HERLIHY, J.  This is a proceeding brought pursuant to article 78 of the Civil Practice Act to review the determination of the Commissioner of Motor Vehicles revoking petitioner's driver's license.

The facts shown establish that the respondent on December 10, 1960, drove his automobile into an "S"-shaped curve at a speed of about 45 miles per hour.  The automobile was not effectively equipped with snow tires or chains, and the highway had hard-packed ice and snow in its center and on its edges.  The driving lane, however, was free of ice and snow for a width of eight feet.

In negotiating the turn the vehicle apparently went upon the ice and snow, causing the petitioner to lose control of it and go over an embankment, whereby a female passenger was killed and the other three occupants of the car were injured.

The Referee found "that the driver was proceeding at a speed greater than was reasonable and prudent under the conditions of the highway, and the equipment of the vehicle, and that he violated section 1180-1 of the Vehicle & Traffic Law," the pertinent part of which provides: "No person shall operate a motor vehicle * * * upon a public highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing." Accordingly, his disposition was to revoke petitioner's license for violation of subdivision 1 of section 1180.  The Commissioner of Motor Vehicles issued the revocation order, herein sought to be annulled, which order states that the cause of revocation was: "Violation of Section 1180-4 of the Vehicle and Traffic Law — Fatal accident on 12/10/60".

Subdivision 4 of section 1180 of the Vehicle and Traffic Law provides as follows: "No person shall drive a motor vehicle or motorcycle in any speed zone established pursuant to the provisions of section sixteen hundred twenty of this chapter, at a speed greater than the maximum speed limit established therein by the state traffic commission."

The Attorney-General, having noted the discrepancy between the disposition of the Referee and the order, argues that this must have been a clerical error in the typing of the order.  Further, he concedes that petitioner was not charged with driving in a speed zone in violation of subdivision 4 of section 1180.

Since the order was dated March 28, 1961 and has never to our knowledge been amended or corrected in any way, the order must be considered as based upon subdivision 4 of section 1180. The Commissioner may adopt the disposition of the Referee, but it appears in this case he did not adopt the violation found

by the Referee. Accordingly, if we were to decide the matter solely upon the procedural defect, we would direct that the order be annulled and the matter remitted to the respondent, because the record contains no evidence of a speed greater than the maximum speed established therein by the State Traffic Commission.

We direct our attention to the merits under subdivision 1 of section 1180, which section provides: '' No person shall operate a motor vehicle * * * upon a public highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards there existing.''

The finding of the Referee and the testimony at the hearing only show that the driver negligently went upon the icy portion of the highway. It does not appear that this was caused by excessive speed, the Referee having found that the petitioner was only going 45 miles per hour and therefore, within the presumably 50 miles per hour speed limit. The petitioner had an eight-foot wide lane with no ice or snow upon it, and at best it was only wet in various spots.

From the findings of the Referee and the record as a whole, it appears that petitioner might have been negligent, but there is no basis for a finding that speed was the causative factor of the unfortunate event so as to sustain the act of the Commissioner in revoking the license for violation of subdivision 1 of section 1180 or subdivision 4 of section 1180 of the Vehicle and Traffic Law. The order is not supported by substantial evidence and therefore arbitrary and capricious.

The order of the Commissioner revoking the driver's license of the petitioner should be annulled, with $50 costs.

BERGAN, P. J., GIBSON and REYNOLDS, JJ., concur.

The order of the Commissioner revoking the driver's license of the petitioner is annulled, with $50 costs.